**Chollima EDWARDS–WHITE,
et al., Plaintiffs,**

v.

**DISTRICT OF COLUMBIA,
et al., Defendants.**

**Civ. A. No. 89–1464.**

United States District Court,
District of Columbia.

Feb. 28, 1992.

Matthew B. Bogin, Michael J. Eig, Bogin & Eig, Washington, D.C., for plaintiffs.

Jeffrey M. Ford, Office of the Corp. Counsel, Washington, D.C., for defendants.

MEMORANDUM OPINION

JOHN H. PRATT, District Judge.

Plaintiffs brought suit alleging violations of their substantive and due process rights

---

under the Education for All Handicapped Children Act of 1975 ("EHA"), Pub.L. No. 94–142, 89 Stat. 773 (codified as amended at 20 U.S.C. §§ 1400–1461). Before the Court are defendants' amended motion to dismiss or in the alternative for summary judgment, plaintiffs' motion for summary judgment, and the respective oppositions. For the reasons stated herein, we will grant plaintiffs' motion and deny defendants' motion.

Plaintiff Chollima Edwards–White, who is now 20–years–old, was first identified as being learning disabled when she was in elementary school. In June, 1987, plaintiffs requested that the District of Columbia Public Schools ("DCPS") commence an evaluation for the purpose of proposing a placement for School Year ("SY") 1987–88. DCPS determined that Chollima required a full-time program of special education and advised plaintiff Maria Gillem–White, Chollima's mother, that Chollima would be placed in the Buchanan Secondary Learning Disabilities Program ("Buchanan"). On November 27, 1987, a formal Notice of Proposed Placement was issued to that effect.[1] Ms. Gillem–White rejected the placement, and Chollima remained enrolled in a private school for half of SY 1987–88 and was tutored at home by her mother for the remainder of that SY and into SY 1988–89.

On July 25, 1988, eight months after defendants formal Notice of Proposed Placement at Buchanan, plaintiffs requested a due process hearing concerning that proposed placement. Before the hearing was held but in the middle of SY 1988–89, Chollima was admitted and placed in a different private school, the Lab School of Washington ("Lab School"). The due process hearing was not held until March 8, 1989.

By decision dated April 24, 1989, the Hearing Officer declined to order DCPS to fund Chollima's placement at Lab School as plaintiffs had requested. The Hearing Of-

ficer stated that there were two issues to be decided: (1) whether DCPS had a duty to evaluate Chollima for SY 1988–89; and (2) whether Chollima was entitled to a due process hearing for SY 1988–89 with respect to DCPS' proposed placement for SY 1987–88. Plaintiffs' Motion for Summary Judgment, Exhibit ("PX") 1 at 4. The Hearing Officer, however, did not proceed to answer these questions separately, holding only that

> It is the decision of this hearing officer that Chollima Edwards–White, during the school year 1988–1989, was not a recipient of DCPS' special education and a placement had not been proposed for that year. Accordingly, due process does not apply where an appropriateness of placement hearing is requested and Chollima has not been evaluated and placed for the school year 1988–89.

*Id.* at 7. Plaintiffs filed a timely appeal of this determination with this court.

■ As in almost all instances of review of administrative decisions, the Hearing Officer's determination is entitled to deference, although, as the D.C. Circuit has noted, the judicial review provision of EHA, 20 U.S.C. § 1415(e), "plainly suggests less deference than is conventional." *Kerkam v. McKenzie,* 862 F.2d 884, 887 (D.C.Cir.1988). However, the party challenging the administrative determination still carries the burden of persuading the court that the hearing officer was incorrect. *Id.*

We find the Hearing Officer's determination to be incorrect. Plaintiff argues that the Hearing Officer erred by making "a specific finding that the parents were barred from raising the issue of appropriateness of Buchanan, DCPS' proposed placement, because they did not exercise their right 'within the time specified in the Notice.'" Memorandum of Points and Authorities in Support of Plaintiffs' Motion for Summary Judgment at 14 (quoting PX 1 at 5). This is a distortion of the Hearing

---

1. Both parties have made much of the fact that this Notice stated "[i]n order to initiate a [due process] hearing, please complete the attached Request For Hearing Form ... and mail it ... within 15 days of receipt of this placement letter ..." Plaintiffs' Motion for Summary Judgment, Exhibit ("PX") 2 at 3. Plaintiffs contend that this purported 15 day deadline violates EHA. We need not, however, address this issue because, as discussed later in the opinion, the Hearing Officer's determination which we are reviewing did not rely upon the 15 day deadline.

Officer's determination. His finding was factually accurate—the placement was not challenged within the time specified in the Notice. The Hearing Officer, however, did not hold that because of this failure to challenge within 15 days, plaintiffs' claim was time-barred. Instead, the Hearing Officer held that plaintiffs were not entitled to a due process hearing on the merits because DCPS had not conducted an Individualized Educational Program ("IEP") for SY 1988–89, nor was DCPS required to do so under the circumstances presented here. PX 1 at 7. The purported 15 day deadline is mentioned nowhere in the determination as forming a basis for the Hearing Officer's legal conclusions.

■ The issue before the Court, therefore, is whether the Hearing Officer was correct in holding that DCPS was not obligated to make a proposed placement and issue an IEP for SY 1988–89. As he correctly noted, the regulations implementing EHA mandate that IEPs must be reviewed (and if appropriate, revised) at least once a year. 34 C.F.R. § 300.343(d). As the Hearing Officer recognized, however, in general, this duty is owed to children receiving special education from that agency. 34 C.F.R. § 300.342(a). Our Court, though, has recognized that where parents put the school system on "reasonable notice" of their desire for a change of placement, the system must act thereupon. *Patsel v. District of Columbia Board of Education*, 522 F.Supp. 535 (D.D.C.1981).[2]

We hold that plaintiffs' July 25, 1988 request for a due process hearing constituted reasonable notice that plaintiffs were dissatisfied with DCPS' placement. Indeed, defendants basically concede as much in their briefs.[3] Because DCPS was on notice that plaintiffs wanted a reevaluation of Chollima's placement, DCPS was obligated under EHA to review and possibly to

revise her IEP. Consequently, the Hearing Officer's determination was erroneous since implicit in his holding was the notion that DCPS was under no such obligation.

■ Because the Hearing Officer incorrectly ruled against plaintiffs on procedural grounds, he never addressed the merits of plaintiffs' claim that the Buchanan placement was not appropriate. However, on January 17, 1990, a different Hearing Officer found that Lab School was the appropriate placement for Chollima and ordered DCPS to pay for her education there for most of SY 1989–90. Defendants argue that it would be inappropriate to retroactively apply that decision to SY 1988–89. We disagree.

In *Andersen by Andersen v. District of Columbia*, 877 F.2d 1018 (D.C.Cir.1989), the court created a prospective presumption of appropriateness of placement once a hearing officer had made a determination based on testimony and evidence. *Id.* at 1022. Stated differently, if a hearing officer deems a placement to be appropriate, it continues to be appropriate unless there is evidence of change in the child's needs. Plaintiffs, however, ask us to make a retrospective presumption. While this court does not believe that such a retrospective presumption would always be appropriate, where, as here, the parents were denied a review of the IEP and a due process hearing because of the inaction of DCPS, a retrospective presumption promotes the major purpose of EHA: the right of all handicapped children to a free and appropriate education. *See* 20 U.S.C. § 1400 (stating the purpose of EHA). Without a retrospective presumption, plaintiffs would be required to prove what placement would have been appropriate almost four years ago. Requiring plaintiffs to carry this burden would not be consistent with the rea-

---

**2.** Defendants assert that "reasonable notice is not enough." Defendants' Amended Motion to Dismiss or in the Alternative for Summary Judgment at 9. Unfortunately, no support is cited for this proposition, and it flies in the face of *Patsel.*

**3.** Defendants note that "[p]laintiffs contend that their untimely request for a due process hearing

in July of 1988, constituted reasonable notice to the defendants that they were seeking services for the 1988–89 school year." Defendants' Motion at 9. Defendants do not then assert that the request did not constitute reasonable notice. Instead, defendants simply state that "reasonable notice is not enough." *Id.*

soning of *Andersen* when it is defendants who failed to evaluate Chollima for SY 1988–89. We are satisfied that this interpretation is consistent with the statutory language, but, more importantly, carries out the beneficent purposes of this legislation, i.e., the welfare of handicapped children.

Therefore, we will order defendants to retroactively fund Chollima Edwards–White's placement at the Lab School of Washington for the portion of SY 1988–89 when she was a student there and the portion of SY 1989–90 for which it has not already paid. In addition, because plaintiffs are the prevailing party, we will award them reasonable attorneys' fees pursuant to 20 U.S.C. § 1415(e)(4)(B).[4]

---

4. Plaintiffs also raised issues in their Complaint related to the hiring and training of hearing officers. However, they did not address these issues at all in their motion for summary judgment, so we will treat them as dropped.